IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, #A0185087, | ) ) ) | NO. 1:12-cv-00397 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT AND ACTION |
| vs. | ) ) | |
| LINDA MOGA-RIVEIRA, JUAN VELASQUEZ, KARLA ESTRADA, RAYNETTE ARCHER, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DISMISSING COMPLAINT AND ACTION**

Plaintiff Francis Grandinetti, II, a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, has filed a *pro se* prisoner civil rights action in this court. Grandinetti has neither submitted an *in forma pauperis* application nor paid the $350 statutory filing fee.

**I. "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Grandinetti is well acquainted with the federal courts, having filed more than 150 federal civil actions and appeals since as early as 1995. *See* PACER Case Locator, http://pacer.psc.uscourts.gov. At least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1) *Grandinetti v. U.S. Marshals Serv.*, 1:00-cv-00489 SOM-KSC (D. Haw. Aug. 1, 2001)(§ 1983 case dismissed for failure to state a claim);

(2) *Grandinetti v. Bobby Ross Group Inc., et al.*, 1:96-cv-00117 (E.D. Tex. Mar. 5, 1999) (§ 1983 case dismissed as frivolous and for failure to state a claim); and

(3) *Grandinetti v. Iranon, et al.*, 1:96-cv-00101 (E.D. Tex. Jan. 26, 1998) (§ 1983 case dismissed as frivolous and for failure to state a claim).[1]

---

[1] The court has notified Grandinetti regarding these strikes and many others in his earlier actions. *See e.g.*, *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS; *Grandinetti v. Stampfle*, 1:05-cv-

Therefore, Grandinetti may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he or she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time" *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning an

---

00692 HG. Grandinetti did not seek reconsideration in either case, failed to perfect his appeal in 1:05-cv-00442 JMS, and never filed appealed in 1:05-cv-00692 HG. Thus, Grandinetti had the opportunity to object to the court's three-strikes findings when these orders were issued or on appeal (he has filed sixty appeals) and did not.

"imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

In his Complaint, Grandinetti names grievance officers from the numerous prisons at which he has been confined since 1998 and complains about unspecified grievance proceedings. He gives no details about these grievances but simply labels the rejection of his grievances an "imminent threat of serious physical injury." Compl., ECF #1 at 2. These sparse allegations do not support a finding that Grandinetti is in imminent danger of serious physical injury. Grandinetti may not, therefore, proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g). Moreover, the Complaint is incoherent, "lacks an arguable basis either in law or in fact," and must be dismissed as such pursuant to 28 U.S.C. §§ 1915A(b) & 1915(e)(2). *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

//
//
//
//
//
//

Accordingly, the Complaint and action are DISMISSED without prejudice. If Grandinetti wishes to reassert these claims in the future, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action. The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Moga-Rivera, et al.*, 1:12-cv-00397 SOM/KSC; ORDER DISMISSING COMPLAINT AND ACTION; psas\3 Strikes Ords\dmp\Grandinetti 12-397 som